IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROCK CREEK HYDROPOWER, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ENEL NORTH AMERICA, INC., )<br>et al., )<br>)<br>Defendants. )<br>_____) | Civ. No. 04-0556-S-BLW<br><br><br>MEMORANDUM DECISION<br>AND ORDER |

      The Court has before it a motion for protective order filed by plaintiff Rock Creek seeking to block defendant CHI Finance's attempt to take three depositions. Rock Creek filed this action to obtain a declaratory judgment that under a contract entitled "Consent Agreement," its royalties from the operation of a hydroelectric plant were not subordinated to debt held by predecessors to Fuji Bank. In the motion for protective order now before the Court, Rock Creek seeks to enforce a stipulation between the original parties to this case that they would conduct only written discovery until after the dispositive motions were resolved.

      Typically, the stipulation would govern. However, there are two twists to this case. First, CHI Finance was added as a party defendant, by Court order, after

**Memorandum Decision & Order – page 1**

the stipulation was entered.  Second, that same decision, while finding that extrinsic evidence "strongly favored" Rock Creek's motion for summary judgment, ultimately concluded that in fairness, CHI Finance be granted 60 days to conduct discovery on the intent of the parties before the Court revisited the issue.

These decisions by the Court have substantially changed the nature of this litigation since the stipulation was signed:  (1) a new party has been added, (2) the Court has found the Agreement ambiguous, and (3) the focus is on what the extrinsic evidence reveals about the parties' intent.  Rock Creek seeks summary judgment on a less-than-complete record concerning the parties' intent.  That is a risky gambit, given that even after full discovery, the interpretation of an ambiguous contract is generally a jury question.  A summary judgment granted on the basis of a partial record would rest on shaky ground.

For these reasons, the Court will deny Rock Creek's motion for protective order.  The Court will allow the three depositions noticed by CHI Finance to go forward, limited solely to the issue of the parties' intent concerning the Consent Agreement.

The Court understands that the parties have worked out the scheduling conflicts, and that portion of the dispute is therefore moot.  If Rock Creek seeks additional depositions, limited to the intent of the parties, the Court is confident

that the parties will be able to reach an agreement accommodating that request.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for protective order (docket no. 72) is DENIED.

DATED:  **May 19, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order – page 3**